UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| BILLY R. KING, *No. 33011-138* ) | CASE NO. 4:06 CV 0491 |
| (a/k/a William Tate) ) | |
| ) | |
| Petitioner, ) | JUDGE DAVID A. KATZ |
| ) | |
| v. ) | |
| ) | <u>OPINION AND ORDER</u> |
| U.S. PAROLE COMMISSION, ) | |
| ) | |
| Respondent. ) | |

On March 3, 2006, <u>pro se</u> petitioner Billy R. King, a/k/a William Tate,[1] filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, who is currently incarcerated at the Northeast Ohio Correctional Center in Youngstown, Ohio (NEOCC), challenges the release date imposed by United States Parole Commission (USPC).

*Background*

Mr. King was sentenced in the United States District Court for the Northern District of Ohio to 18 years in prison on June 10, 1977. He alleges that he was subsequently found guilty of violating Ohio Revised Code § 2925.03 and sentenced to 7 ½ to 15 years in

---

[1] The inmate registration number provided by petitioner, No. 33011-138, identifies William Tate.

prison.

On May 6, 1996, petitioner was released from state custody and taken into federal custody based on a detainer issued for a parole violation. During his parole violation hearing, Mr. King lost "5(five) plus years street time and [was] given 10 (ten) years more of parole time without any fact finding, for an alleged misdemeanor charge that was either a fourth degree or fifth degree felony." (Pet. 1-2.)

Following his release from prison for that parole violation term, Mr. King was re-paroled until December 1997. At that time he was sentenced to a 12 month prison term for violating a term of parole. Two years later he violated a parole condition and was sentenced to 14 months in prison as a result.

On or about October 1, 2000, Mr. King was found guilty of "uttering" and sentenced to 28 months in prison. After his release from prison, he was taken into federal custody by the United States Parole Board. As a result, he allegedly lost 2 years of "street time."

He claims he is presently in federal custody awaiting sentencing for marijuana use. At the time he filed his present petition his parole hearing was allegedly scheduled for February 20, 2006.

In his petition before this court, Mr. King believes that the Parole Commission's release date of March 10, 2012 is illegal. The basis for his claim rests on his assertion that the sentence is "far in excess of movant[']s title 18 section 2113A(2) 18 reg Adult Sentence."(Pet. at 4.) He seeks immediate release.

*28 U.S.C. § 2241*

Federal prisoners are required to exhaust administrative remedies before filing a habeas petition under § 2241. See Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981). The USPC has specific regulations for appealing parole decisions to the National Appeals Board, 28 C.F.R. § 2.26, and judicial review of a parole commission decision may occur only after exhaustion of available administrative remedies. Smith v. Thompson, 937 F.2d 217, 219 (5th Cir.1991).

A review of the petition clearly indicates that Mr. King has not exhausted his administrative remedies. Therefore, this court does not have subject matter jurisdiction over his petition.

Based on the foregoing, this action is dismissed for failing to exhaust administrative remedies. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

s/ DAVID A. KATZ   3/24/06

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.